## BALTIMORE CITY COURT.

Filed April 18, 1925.

W. & J. KNOX NET & TWINE COMPANY, FOR THE USE OF THE JENNISON-WRIGHT COMPANY, INC.,

VS.

HARTFORD ACCIDENT & INDEMNITY COMPANY, A CORPORATION.

---

*Edward A. Ferrari* for plaintiff.

*Briscoe, Jones & Martin* for defendants.

ULMAN, J.—

The allegations of the declaration demurred to which are pertinent to the questions here involved recite in effect that the equitable plaintiff furnished to Sarles Construction Company certain material to be used by it in the performance of a certain contract with W. & J. Knox Net & Twine Co., for the erection of a building in the City of Baltimore.

The Construction Company gave the Twine Co. a bond for the faithful performance of that contract. The Twine Company is the sole named obligee in the bond, the condition of which is as follows:

"NOW, THEREFORE, the condition of this Obligation is such that if the Principals shall faithfully perform the contract on their part and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owners from all cost and damages which they may suffer by reason of failure so to do, and shall fully reimburse and repay the Owners all outlay and expense which the Owners may incur in making good any such default, and shall pay all persons who have contracts directly with the Principals for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

This language is relied on by the equitable plaintiff as creating an obligation directly from the bonding company (the defendant herein) to the equitable plaintiff as a materialman for whose benefit the bond has been given; and it is asserted that the equitable plaintiff may sue herein upon such obligation. The defendant has demurred to the declaration.

The demurrer raises a question the determination of which can not be said to be free from difficulty. The authorities from other jurisdictions which have been cited indicate some degree of conflict in respect of basic principle. The real obstacle in the way of finding a clear guiding rule, however, is the fact that the decision in each case does and must rest upon the precise language of the instrument sued on in that case. The Court has found no case growing out of an instrument precisely like that in the case at bar.

Therefore it becomes necessary to treat the case as though it were one of primary intention, and to attempt to apply the principles and tendencies manifested by the Court of Appeals of Maryland in cases of similar nature. The most recent case, and in some respects the case coming nearest to this case in its facts, is M. & C. C. of Balto. vs. Md. Casualty Co., 126 Atl. Rep. 880. That case, like this one, arose out of a conventional bond, unaffected by statute. The condition of the bond is set out in full in the Court's opinion, viz.:

"That if the above bounden William F. Kirwan shall in all respects comply with the terms and conditions of said contract, and his obligations thereunder including the specifications therein referred to, and made part thereof, and shall indemnify and save harmless the said Mayor and City Council of Baltimore City against or from all costs and expenses, damages, injury or loss to which the said Mayor and City Council of Baltimore may be subjected by reason of any wrongdoing, misconduct, want or care or skill, negligence, or default upon the part of the said William F. Kirwan, his agent or employees, in or about the execution or performance of said contract, including said specifications, and shall save and keep harmless the said Mayor and City Council of Baltimore against or from all losses, cost and expenses to it from any cause whatever including patent infringements in the matter of installing said heating and ventilating apparatus, then this obligation to be void, otherwise to be and remain in full force and virtue in law."

The plaintiffs (materialmen) in that case sought to read into the condition of the bond provisions of the contract and specifications, which, it was urged, obligated the contractor to pay the claims of persons furnishing materials on the job. The court decided that the contract and specifications imposed no such obligation upon the contractor. We may, therefore, in comparing that case with the case at bar (in which no reference is made to the contract and specifications) contrast simply the language of the conditions of the respective bonds in the two cases. Omiting the words referring to patent infringements, which are here immaterial, it seems that the condition of the Md. Casualty Co. bond though expressed in more words, is the legal equivalent of the following portion of the condition of the bond in the case at bar, viz.:

"NOW, THEREFORE, the condition of this Obligation is such that if the Principals shall faithfully perform the contract on their part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owners from all cost and damage which they may suffer by reason of failure so to do and shall fully reimburse and repay the Owners all outlay and expense which the Owners may incur in making good any such default * * *."

Following these words, however, in the bond now under consideration, are the following words, viz.:

"* * * and shall pay all persons who have contracts directly with the Principals for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

What do these words mean? What is their legal effect? Does their inclusion in the bonds sued on distinguish this case from the Md. Casualty Co. case, supra, in which the demurrer of the defendant was sustained? Certainly the words last quoted must mean something. It cannot be argued that they are mere surplusage, nor that they were inserted in the bond as a matter of form.

The Maryland case which seems to throw most light upon this question is American Fidelity Co. vs. State, 128 Md. 50. True, that case arose out of a statutory bond, given to the State Roads Commission. But the Court in its opinion expressly decided that if the bond was in fact given for the benefit of materialmen furnishing supplies to the general contractor, such materialmen could recover upon it irrespective of whether the bond or the Act under which it was given *expressly* gave them a right of action. The language of the Court is as follows:

"Should the fact that neither the Act nor the bond expressly state that the laborers and materialmen should have a right of action, or how or where their suits should be brought, deprive creditors such as this appellee from his right of action? * * * And it is clear from a study of the cases there cited, and from others that the weight of authority that since the contractor's bond is given not only for the protection of the State under the contract, but equally for the protection of the laborers and the materialmen, that such have a right of action irrespective of whether the express language of the bond or Act gives it to them."

Another significant quotation from the same opinion is this:

"And another reason that occurs to us, that could account for this intention on the part of the Legislature, is that they recognize that since this was a State work, the labor and materialmen could acquire no protection against insolvent contractors by the lien laws of this State."

In the present case, the suit is by a materialman. The contract was for the erection of a house in the City of Baltimore, where, as is well known, materialmen have no liens. It seems, then, fair to conclude that the bond was phrased as it was, for the express purpose of protecting materialmen. Otherwise, the following words, "and shall pay all persons who have contracts directly with the Principals for labor or materials," occurring *in the bond itself* would appear to be without purpose, and surplusage. They cannot have been intended to protect the "Owner" against liabilities which, as owner, it would not incur. Laborers and persons furnishing material to the Contractor (Principal) are expressly mentioned. Why mention them if not for the purpose of affording them protection under the bond?

In conclusion, the Court is not unmindful of the fact that the bond in this case is a conventional, and not a statutory bond. But while it is true that most of the cases—and all of the Maryland cases, in which materialmen have been allowed to recover have arisen out of statutory bonds there is no distinction in principle between the two classes of instruments. The question is simply one of contractual intention; and that it is so our Court of Appeals has repeatedly stated. The latest announcement of the underlying principle is in the Md. Casualty Co. case, 126 Atl. Rep., supra, where the Court said:

"In most, at, least, of the cases where materialmen have been permitted to recover on such a bond, either a statute or ordinance has required that they should be protected by the bond, *or the bond itself has contained such a condition.*"

The recent tendency of the Maryland Court of Appeals has been to extend the liability of Surety Companies very greatly beyond that to which sureties were formerly bound. American Fidelity Co. vs. State, 128 Md. 50, 56, supra. In the present case either the language of the bond is in large part meaningless surplusage, or it expresses an intention to protect materialmen in the situation of the equitable plaintiff. The Court feels bound to give this language the legal effect for which the plaintiff

contends; and the demurrer is therefore overruled.

The foregoing reasons apply to the cases against the same defendant in which Maurice Dauplaise et al., and Wm. A. Blockston, respectively are equitable plaintiffs, and the demurrers in said cases are also overruled.